39 F.3d 1194
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KEARNS, Plaintiff-Appellant,
v.
TOYOTA, Nissan, Honda, Toyo Kogyo (Mazda), and Fuji
(Subaru), Defendants/Cross-Appellants.
 Nos. 94-1305, 94-1321.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 Toyota et al. move to dismiss Robert W. Kearns's appeal as untimely.[1] In a telephone conversation with Toyota, Kearns verbally opposed the motion, but he has not filed a response.
 
 
 2
 Kearns filed a patent infringement action against Toyota in the United States District Court for the Eastern District of Michigan. On February 4, 1994, the district court dismissed Kearns's suit with prejudice on the grounds that he was unable to adequately represent himself and he refused to retain counsel.
 
 
 3
 Kearns sought an extension of time to file a Fed.R.Civ.P. 59(e) motion seeking reconsideration of the dismissal order. The district court granted Kearns's motion for an extension of time. Kearns filed his R. 59(e) motion on February 22, 1994. On March 31, 1994, the district court denied Kearns's motion. Kearns filed a notice of appeal on May 3, 1994.
 
 
 4
 Toyota argues that the district court did not have authority to extend the ten-day statutory time period for filing a R. 59(e) motion. Therefore, Toyota contends, Kearns's was required to file a notice of appeal by March 7, 1994, 30 days after the entry of judgment. In the alternative, Toyota argues that even if Kearns's R. 59(e) motion was properly before the district court, Kearns's appeal was untimely because he did not file a notice of appeal within 30 days of the district court's denial of his R. 59(e) motion.
 
 
 5
 We need not reach the issue of whether the district court properly decided Kearns's R. 59(e) motion. Even if the district court properly granted Kearns an extension of time, Kearns's notice of appeal was filed too late. The district court denied Kearns's R. 59(e) motion on March 31, 1994. Pursuant to Fed.R.App.P. 4(a)(1), Kearns had 30 days, until May 2, 1994, to file his notice of appeal. Kearns filed his notice of appeal in this court on May 3, 1994. Therefore, Kearns was one day late and his notice of appeal is untimely.
 
 
 6
 Finally, we note that, in its February 4, 1994 dismissal order, the district court also dismissed case nos. 78-70642 and 82-70749, which were consolidated with Toyota's district court case, no. 85-70459. Kearns filed notices of appeal in all of these cases on May 3, 1994, which were docketed in this court as appeal nos. 94-1305, 94-1306, 94-1307, 94-1308 and cross-appeal nos. 94-1321 and 94-1322. To date, we have received only the instant motion to dismiss appeal no. 94-1321. However, it appears that all of these appeals should be dismissed on the grounds discussed above. Therefore, we intend to dismiss these appeals, absent objection, within 14 days.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Toyota's motion to dismiss appeal no. 94-1305 is granted.
 
 
 9
 (2) Toyota's motion to voluntarily dismiss its cross-appeal, no. 94-1321, is granted.
 
 
 10
 (3) Absent objection, the Clerk is directed to dismiss appeal nos. 94-1306, 94-1307, 94-1308, and cross-appeal no. 94-1322 in 14 days.
 
 
 11
 (4) All sides shall bear their own costs.
 
 
 
 [1]
 Toyota states that if the court dismisses Kearns's appeal, Toyota's cross-appeal, no. 94-1321, will be mooted. We treat Toyota's statement as a motion for voluntary dismissal of its cross-appeal in the event we dismiss Kearns's appeal